UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION -- LONDON

KENNEDY WALKER,

 Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, ET AL.,

 Defendants.

Civil Action No. 6:18-128-KKC

**MEMORANDUM OPINION AND ORDER**

  Kennedy Walker is a prisoner who was previously confined at the United States Penitentiary (USP) – McCreary in Pine Knot, Kentucky, and is now incarcerated at the Federal Correctional Institution (FCI) in Jesup, Georgia. Proceeding without a lawyer, Walker filed a civil rights complaint with this Court in which he asserts multiple claims against several different defendants. [R. 1]. For the reasons set forth below, the Court will dismiss most of Walker's claims but will allow his Federal Tort Claims Act (FTCA) claims against the United States to proceed.

I.

  In November 2017, Walker sent a letter to the Court along with several attachments, including correspondence referencing a potential tort claim that he may have against the United States. *See Walker v. FMC – Lexington*, No. 5:17-cv-465-JMH at R. 1 (E.D. Ky. 2017). While the Court docketed Walker's submission as a civil action for administrative purposes, it determined that his brief filings were insufficient to invoke the Court's jurisdiction. *See id.* at R. 4. That is because Walker simply asked for legal advice regarding the deadline for filing a lawsuit; he did not clearly name a defendant, assert factual allegations, or request a specific form of relief. Ultimately, the Court declined Walker's request for guidance regarding the statute of limitations and dismissed the matter without prejudice, though it noted that Walker could still file a formal civil rights complaint with the Court. *See id.* at R. 4.

A few weeks later, Walker did file his first formal civil rights complaint. *See Walker v. U.S. Dept. of Justice*, No. 6:17-cv-347-GFVT at R. 1 (E.D. Ky. 2017). The Court, however, determined that Walker's complaint did not comply with the Federal Rules of Civil Procedure. *See id.* at R. 7. As an initial matter, the Court noted that Walker's complaint violated Rule 8 because it did not contain "a short and plain statement of the claim showing that [he] is entitled to relief" and failed to include allegations that were "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). After all, Walker's complaint spanned dozens of hard-to-follow pages, including nearly 100 paragraphs of factual allegations and almost 400 pages of attachments. Walker also appeared to list somewhere between 23 and 28 different defendants, who he labeled as defendants A through Z, A-1, and A-2, and he suggested that each of those defendants ran afoul of various sources of law, including but not limited to multiple constitutional provisions.

The Court also indicated that Walker's complaint appeared to violate Rule 20's limits on permissive joinder of parties. That rule only allows a plaintiff to join one claim against one defendant and a different claim against a different defendant in one lawsuit if both claims arise out of the same occurrence or series of occurrences. *See* Fed. R. Civ. P. 20(a)(2)(A). As best as the Court could tell, Walker was alleging several different constitutional and statutory claims against several different defendants. To be sure, some of Walker's claims related to an allegation that he was injured in November 2014, while prison officials transported him in a van to or from a medical facility. However, some of Walker's other claims appeared to relate to a separate incident in December 2014, when he allegedly fell out of bed, and still other claims related to an incident in November 2015, when he allegedly fell in the shower. Walker then asserted even more claims against officials and medical care providers at two different federal prisons—USP McCreary and FCI Jesup. In short, the Court determined that Walker was

2

attempting to bring all of his grievances, against many different parties, in one case, which is not permitted by the Federal Rules of Civil Procedure.

In light of the foregoing problems, the Court did not assess a filing fee and, instead, dismissed Walker's first formal complaint without prejudice. That said, the Court informed Walker that he could complete and file a second formal complaint, and it sent him the proper forms to do so. The Court, however, noted that Walker could not assert numerous, distinct claims against dozens of different defendants in one lawsuit; rather, the Court informed Walker that he must file a proper, streamlined complaint that complied with the rules set forth in the Court's order. *See Walker*, No. 6:17-cv-347-GFVT at R. 7.

Walker has now filed his second formal civil rights complaint, *see* R. 1, and this matter is before the Court on initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Walker's complaint is now limited to events that allegedly occurred while he was incarcerated here in the Eastern District of Kentucky at USP McCreary and before he was transferred in late 2015 to the FCI in Jesup, Georgia. *See* R. 1 at 2-4; *see also* R. 1-4 at 161 (indicating that the Bureau of Prisons transferred Walker to FCI Jesup in December 2015).

Walker alleges that, in November 2014, prison officials transported him in a van from a medical appointment back to USP McCreary. *See* R. 1 at 24. However, Walker claims that the officials did not properly secure his wheelchair, and when the van driver accelerated aggressively, Walker "flew backwards, hitting the back of his head very hard on the steel wheelchair lift attached to the back doors of the van." *Id.* at 25. Walker claims that he was seriously injured as a result of this incident. *See, e.g., id.* at 25, 29-30. Walker also alleges that multiple officials at USP McCreary subsequently provided him with legally inadequate medical care. *See, e.g., id.* at 33.

3

Based on these allegations, Walker primarily puts forth federal constitutional claims pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971),[1] as well as state law negligence claims. Walker brings those claims against nine different officials at USP McCreary, including Officer McCoy, Officer G. Wilson, Officer Dinkins, Officer John Doe, Lieutenant Leroy Chaney, Warden J.C. Holland, Health Services Administrator Rhonda Jones, Captain John Doe, and Unit Manager Pamela Poston. *See* R. 1 at 1-2, 9-23 (listing the defendants and discussing the claims against each one). Walker repeatedly alleges that these officials ran afoul of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. *See, e.g., id.* at 10-23. Walker also repeatedly claims that these officials were negligent (or grossly negligent), in violation of state law. *See, e.g., id.* at 10-23, 50. Finally, Walker repeatedly asserts claims against the federal government pursuant to the FTCA. *See, e.g.,* R. 1 at 1, 4, 26.

II.

Walker's federal constitutional and state law negligence claims against the nine named officials at USP McCreary are plainly barred by the statute of limitations. That is because, in *Bivens* actions, federal courts "apply the most analogous statute of limitations from the state where the events giving rise to the claims occurred." *Baker v. Mukasey*, 287 F. App'x 422, 424 (6th Cir. 2008). Walker's claims arose in Kentucky and, therefore, Kentucky's one-year statute of limitations for asserting personal injury claims applies to both his federal constitutional claims and his state law negligence claims. *See id.*; *see also* Ky. Rev. Stat. Ann. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

---

[1] Walker actually cites 42 U.S.C. § 1983 as the basis for his federal constitutional claims. *See, e.g.,* R. 1 at 4, 50. However, a plaintiff can only pursue § 1983 claims against state officials and, here, Walker is suing federal officials. Thus, the Court will construe Walker's federal constitutional claims as being brought pursuant to the doctrine announced in *Bivens*, which permits civil rights claims against federal officials.

4

Those federal constitutional and state law negligence claims are plainly barred by that one-year statute of limitations. After all, the Bureau of Prisons transferred Walker out of USP McCreary in December 2015 and, thus, his various claims against the USP McCreary officials clearly began accruing by no later than that point in time. However, Walker did not file even his first submission with this Court until nearly two years later, in November 2017. *See Walker v. FMC – Lexington*, No. 5:17-cv-465-JMH at R. 1 (E.D. Ky. 2017).

To be sure, Walker did spend some time exhausting his administrative remedies with respect to these federal constitutional and state law negligence claims, and the statute of limitations period would have been tolled while he did so. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). But the documents that Walker attaches to his complaint show that he finished the exhaustion process by no later than October 2016, when he received a final response from the BOP's Central Office. *See* R. 1-1 at 12; *see also* R. 1 at 4, 51 (where Walker indicates he fully exhausted his administrative remedies much earlier, in 2015); R. 1-1 at 1-12 and R. 1-2 at 1-20 (other exhaustion documents that predate the October 2016 correspondence from the BOP's Central Office). And, still, Walker did not file even his first submission with this Court until more than one year later, in November 2017. *See Walker*, No. 5:17-cv-465-JMH at R. 1. Thus, even under the most generous construction of the facts, Walker's federal constitutional and state law negligence claims against the nine USP McCreary officials are untimely, and the Court will dismiss those claims for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Franklin v. Fisher*, 2017 WL 4404624, at \*2 (6th Cir. 2017); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (recognizing that the Court may dismiss claims when it is obvious from the face of the complaint that those claims are barred by the applicable statute of limitations).

That said, Walker also asserts claims against the federal government pursuant to the FTCA,[2] *see* R. 1 at 1, 4, 26, and, at this stage of the litigation, it is not clear whether those claims are timely. After all, the documents that Walker attaches to his complaint show that he pursued his administrative tort claims with the BOP well into 2017. *See* R. 1-3 and R. 1-7. In light of this information, the Court will allow Walker's FTCA claims against the United States to proceed past this initial screening stage. Since the Court previously granted Walker pauper status, *see* R. 7, the Clerk's Office and the United States Marshals Service (USMS) will serve the United States with a summons and copy of the complaint on Walker's behalf. *See* Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). The United States must then answer or otherwise respond to Walker's complaint.

III.

In light of the foregoing analysis, it is hereby **ORDERED** as follows:

1. Walker's federal constitutional and state law negligence claims against USP McCreary Officer McCoy, Officer G. Wilson, Officer Dinkins, Officer John Doe, Lieutenant Leroy Chaney, Warden J.C. Holland, Health Services Administrator Rhonda Jones, Captain John Doe, and Unit Manager Pamela Poston are **DISMISSED** with prejudice. The Clerk of the Court shall **TERMINATE** these defendants from this action.

2. The Clerk of the Court shall **SUBSTITUTE** the "United States of America" for "United States of America Department of Justice Federal Bureau of Prisons."

3. Walker's FTCA claims against the United States of America may **PROCEED**.

---

[2] Walker lists as a defendant the "United States of America Department of Justice Federal Bureau of Prisons." R. 1 at 1. Since Walker is clearly asserting FTCA claims against the federal government, and the FTCA only permits suits to be filed against the United States of America, *see* 28 U.S.C. § 2674, the Court will formally substitute the "United States of America" as the proper defendant in this action.

6

4. The Deputy Clerk shall prepare two (2) "Service Packets" for service upon the United States of America. The Service Packets shall include:

    a. a completed summons form;
    b. the complaint [R. 1];
    c. this Order; and
    d. a completed USM Form 285.

5. The Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky, and note the date of delivery in the docket.

6. The USMS shall serve the United States of America by sending the Service Packets by certified or registered mail to both the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky and the Office of the Attorney General of the United States in Washington, D.C.

7. Walker must immediately advise the Clerk's Office of any change in his current mailing address. If Walker fails to do so, the Court may dismiss his case.

8. If Walker wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Walker files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing. The Court will disregard letters sent to the Judge's chambers or motions lacking a certificate of service.

Dated June 12, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY