UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

KENNEDY WALKER,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

Civil Action No. 6:18-128-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Kennedy Walker is a prisoner who was previously confined at the United States Penitentiary (USP) – McCreary in Pine Knot, Kentucky, and is now incarcerated at the Federal Correctional Institution (FCI) in Jesup, Georgia. Proceeding without a lawyer, Walker filed a civil rights complaint with this Court in which he pursued multiple claims, including claims against the United States of America pursuant to the Federal Tort Claims Act (FTCA).

The United States filed a motion to dismiss Walker's case or, in the alternative, a motion for summary judgment. Walker then filed a response in opposition, the United States filed a reply, and Walker filed a sur reply. Thus, the United States' dispositive motion is ripe for a decision. For the reasons set forth below, the Court will deny the United States' motion and will refer this case to a Magistrate Judge for further proceedings.

I.

In November 2017, Walker sent a letter to the Court along with several attachments, including correspondence referencing a potential tort claim against the United States. *See Walker v. FMC – Lexington*, No. 5:17-cv-465-JMH at R. 1 (E.D. Ky. 2017). While the Court docketed

Walker's submission as a civil action for administrative purposes, it determined that his brief filings were insufficient to invoke the Court's jurisdiction. *See id.* at R. 4. That is because Walker simply asked for legal advice regarding the deadline for filing a lawsuit; he did not clearly name a defendant, assert factual allegations, or request a specific form of relief. Ultimately, the Court declined Walker's request for guidance regarding the statute of limitations and dismissed the matter without prejudice, though it noted that Walker could still file a formal civil rights complaint with the Court. *See id.* at R. 4.

A few weeks later, Walker did file his first formal civil rights complaint. *See Walker v. U.S. Dept. of Justice*, No. 6:17-cv-347-GFVT at R. 1 (E.D. Ky. 2017). The Court, however, determined that Walker's complaint did not comply with the Federal Rules of Civil Procedure. *See id.* at R. 7. As an initial matter, the Court noted that Walker's complaint violated Rule 8 because it did not contain "a short and plain statement of the claim showing that [he] is entitled to relief" and failed to include allegations that were "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). After all, Walker's complaint spanned dozens of hard-to-follow pages, including nearly 100 paragraphs of factual allegations and almost 400 pages of attachments. Walker also appeared to list somewhere between 23 and 28 different defendants, who he labeled as defendants A through Z, A-1, and A-2, and he suggested that each of those defendants ran afoul of various sources of law, including but not limited to multiple constitutional provisions.

The Court also indicated that Walker's complaint appeared to violate Rule 20's limits on permissive joinder of parties. That rule only allows a plaintiff to join one claim against one defendant and a different claim against a different defendant in one lawsuit if both claims arise out of the same occurrence or series of occurrences. *See* Fed. R. Civ. P. 20(a)(2)(A). As best as the Court could tell, Walker was alleging several different constitutional and statutory claims against

2

several different defendants. To be sure, some of Walker's claims related to an allegation that he was injured in November 2014, while prison officials transported him in a van to or from a medical facility. However, some of Walker's other claims appeared to relate to a separate incident in December 2014, when he allegedly fell out of bed, and still other claims related to an incident in November 2015, when he allegedly fell in the shower. Walker then asserted even more claims against officials and medical care providers at two different federal prisons—USP McCreary and FCI Jesup. In short, the Court determined that Walker was attempting to bring all of his grievances, against many different parties, in one case, which is not permitted by the Federal Rules of Civil Procedure.

In light of the foregoing problems, the Court did not assess a filing fee and, instead, dismissed Walker's first formal complaint without prejudice. Still, the Court informed Walker that he could complete and file a second formal complaint, and it sent him the proper forms to do so. The Court, however, noted that Walker could not assert numerous, distinct claims against dozens of different defendants in one lawsuit; rather, the Court informed Walker that he must file a proper, streamlined complaint that complied with the rules set forth in the Court's order. *See Walker*, No. 6:17-cv-347-GFVT at R. 7.

Walker then filed his second formal civil rights complaint, which is the operative pleading in this case. *See* R. 1. In that complaint, Walker alleges that, in November 2014, prison officials transported him in a van from a medical appointment back to USP McCreary. *See id.* at 24. Walker, however, claims that the officials did not properly secure his wheelchair, and when the van driver accelerated aggressively, Walker "flew backwards, hitting the back of his head very hard on the steel wheelchair lift attached to the back doors of the van." *Id.* at 25. Walker claims that he was seriously injured as a result of this incident. *See id.* at 25, 29-30. Walker also alleges

that multiple officials at USP McCreary subsequently provided him with legally inadequate medical care. *See id.* at 33. Based on these allegations, Walker put forth federal constitutional claims and state law negligence claims against numerous employees at USP McCreary. *See* R. 1 at 1-2, 9-23, 50. Walker also asserted claims against the United States pursuant to the FTCA. *See id.* at 1, 4, 26.

The Court conducted an initial screening of Walker's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and determined that his federal constitutional claims and state law negligence claims were time barred. *See* R. 8. Thus, the Court dismissed those claims with prejudice. *See id.* However, the Court allowed Walker's FTCA claims to proceed past the initial screening stage, and it directed the Clerk's Office and the United States Marshals Service to serve the United States with a summons and copy of the complaint on Walker's behalf. *See id.*

Eventually, after the Court resolved a number of procedural issues that arose in the case, the United States filed a motion to dismiss Walker's case or, in the alternative, a motion for summary judgment. *See* R. 30. The United States' principal argument is that Walker's FTCA claims are barred by the statute of limitations and, thus, his case should be dismissed. *See id.* at 19-27. The United States also argues that Walker's FTCA claims fail because he "has not set forth *any* expert testimony whatsoever to support his claims, and neither narrow exception to this requirement exists in this case." *Id.* at 29.

With respect to the timeliness issue, the United States points out that, after the Bureau of Prisons (BOP) administratively denied Walker's claim, Walker filed a request for reconsideration, which the BOP received on February 27, 2017. *See* R. 30-2 at 97-102. The United States argues that, pursuant to 28 C.F.R. § 14.9, Walker had six months from this date to file his lawsuit in federal court. That said, the United States acknowledges that, on June 26, 2017, the BOP sent

Walker a letter in which it made him a settlement offer and said, "If you are not satisfied with this determination, you have six months from the date of this letter to bring suit in an appropriate United States District Court, should you wish to do so."  R. 30-2 at 103-05.  In light of this fact, the United States says in its motion, "Giving [Walker] the benefit of this error would extend the time for filing a complaint to December 26, 2017."  R. 30-1 at 22.  The United States, however, points out that Walker did not even file his first formal civil rights complaint with this Court until December 28, 2017, *see Walker v. U.S. Dept. of Justice*, No. 6:17-cv-347-GFVT at R. 1 (E.D. Ky. 2017), and, even then, Walker's complaint was so deficient that it was dismissed without prejudice. *See id.* at R. 7.  The United States then emphasizes that Walker did not file his second formal civil rights complaint—the operative pleading in this case—until April 2018.  Therefore, the United States argues that "Walker's complaint is time barred."  R. 30-1 at 23.

With respect to the expert-testimony issue, the United States argues that "Walker has failed to state a claim for relief under the FTCA" because he has not yet presented expert testimony to support his claims.  R. 30-1 at 27-29.  Furthermore, while the United States acknowledges that there are some exceptions to the general rule regarding expert testimony, including but not limited to the so-called "common knowledge exception," it argues that those exceptions are inapplicable to Walker's case.  Thus, the United States claims Walker's FTCA claims fail as a matter of law.

Walker has now filed a response in opposition to the United States' dispositive motion, the United States has filed its reply brief, and Walker has filed a sur reply.  *See* Rs. 32, 37, 40. Therefore, this matter is ripe for a decision.

II.

As an initial matter, the Court will treat the United States' motion as one for summary judgment because it has attached and relied upon documents and declarations extrinsic to the

5

pleadings.  *See* Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).  Ultimately, the Court will deny the United States' motion.

A.

The principal issue before the Court is whether Walker's FTCA claims are time barred.  The Court has fully reviewed the United States' dispositive motion and supporting arguments but concludes that, to the extent that Walker's FTCA claims are untimely, the specific facts of this case justify tolling the statute of limitations on equitable grounds.

Under the law, a court may equitably toll the statute of limitations in a FTCA case.  *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).  The United States Court of Appeals for the Sixth Circuit has explained that a court should consider several factors in deciding whether to apply equitable tolling to an otherwise-late claim.  *See Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017).  Those factors include:  "(1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement."  *Id.* (citation and quotation marks omitted).  That said, the Sixth Circuit has also "recognized [the] limitations to this approach" and has cast[ed] doubt on the need for strict adherence to it."  *Id.* While the court continues to apply the factor test, it has repeatedly emphasized that "the 'propriety of equitable tolling must necessarily be determined on a case-by-case basis.'"  *Id.* at 557 (quoting *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

Here, the first two equitable tolling factors apply neutrally, as both parties acknowledge that the BOP sent Walker a letter on June 26, 2017 saying, "[Y]ou have six months from the date of this letter to bring suit in an appropriate United States District Court, should you wish to do so."

R. 30-2 at 103-05. Thus, as the United States says in its motion, "Giving [Walker] the benefit of this error would extend the time for filing a complaint to December 26, 2017." R. 30-1 at 22.

Well before this date, Walker tried to pursue his rights and, thus, the third equitable tolling factor cuts in his favor. Indeed, in November 2017, Walker wrote a letter to the Court asking for legal advice regarding the deadline for filing a lawsuit, and he attached several documents to his submission, including correspondence referencing a potential tort claim against the United States. *See Walker*, No. 5:17-cv-465-JMH at R. 1. While the Court ultimately dismissed that matter without prejudice due to a number of procedural deficiencies, it is clear that Walker was at least trying to pursue his rights in a timely manner.

Walker then continued to pursue his rights. In fact, shortly after the Court dismissed his initial action, Walker filed his first formal civil rights complaint. *See Walker*, No. 6:17-cv-347-GFVT at R. 1. In that submission, Walker claimed that he was injured while prison officials transported him in a van to or from a medical facility and that he subsequently received legally inadequate medical care. *See id.* To be sure, the Court once again dismissed Walker's action because it determined that his complaint did not comply with the Federal Rules of Civil Procedure. Nevertheless, it is clear that Walker was still trying to pursue his rights.

And Walker persisted once more, filing his complaint in this case. *See* R. 1. While the United States argues that Walker's claims are now time barred, the fact is that Walker kept pursuing his FTCA claims, and he did so while confined to a wheelchair, in federal prison, and without the assistance of a lawyer. These facts cut strongly in Walker's favor. And with respect to the fifth equitable tolling factor, there is no indication that Walker remained ignorant of any specific, relevant legal requirement.

To be sure, the fourth equitable tolling factor may cut slightly against Walker, as the United States will necessarily suffer some prejudice if he can proceed on his FTCA claims. But whatever prejudice the United States may suffer is outweighed by Walker's diligence and persistence in attempting to pursue his FTCA claims. Given the specific facts of this case, including but not limited to Walker's status as an incarcerated, *pro se* litigant who is confined to a wheelchair, the Court finds that equitable tolling is warranted.

B.

The next issue before the Court is whether Walker's FTCA claims fail because he has not yet presented expert testimony to support his claims. As an initial matter, it is important to point out that Walker appears to be asserting not one, but two very different FTCA claims. First, Walker alleges that prison officials transported him in a van from a medical appointment back to USP McCreary but did not properly secure his wheelchair. Walker then alleges that the van driver accelerated aggressively and, as a result, he "flew backwards, hit[ ] the back of his head very hard," and was seriously injured. Second, Walker alleges that multiple officials at USP McCreary subsequently provided him with legally inadequate medical care.

At this early stage in the litigation, it is not clear to the Court that Walker would need expert testimony to prove both of his FTCA claims, especially his first claim that prison officials failed to properly secure his wheelchair. That said, even if Walker does eventually need expert testimony to establish one or both of his claims, he has not yet had a sufficient opportunity to gather that evidence. Along these lines, the Sixth Circuit has made it clear that "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citations omitted). Here, Walker simply has not yet had the opportunity to engage in such discovery, including obtaining

8

any expert testimony he may need.  Therefore, it would be premature to grant summary judgment in favor of the United States at this stage in the litigation.

III.

Ordinarily, at this point in a civil case, the parties would exchange initial disclosures and confer on a proposed discovery plan.  However, an action brought by a *pro se* prisoner, such as this case, is exempt from these requirements.  *See* Fed. R. Civ. P. 16(b), 26(a)(1)(B)(iv), 26(f)(1); LR 16.1(c).  Thus, the Court will refer this matter to a Magistrate Judge to oversee discovery and all matters of pretrial management.

In light of the foregoing analysis it is hereby **ORDERED** as follows:

1. The Government's motion to dismiss or, in the alternative, motion for summary judgment [R. 30] is **DENIED**.

2. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

3. The Clerk of the Court shall **ASSIGN** this matter to a United States Magistrate Judge.

Dated May 29, 2019.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY